UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Government Employees Insurance Company as subrogee of David Wieder, | Civil Action No.: |
| Plaintiff, | **COMPLAINT** |
| v. | |
| United States of America, | |
| Defendant. | |

Plaintiff, Government Employees Insurance Company as subrogee of David Wieder, by way of Complaint against Defendant, United States of America, alleges as follows:

**PARTIES**

1. Plaintiff Government Employees Insurance Company ("Plaintiff") is a corporation formed under the laws of the State of Virginia that does business at 1 Geico Boulevard, Fredericksburg, Virginia 22412.

2. Plaintiff is in the business of automobile insurance.

3. Plaintiff's insured David Wieder ("Plaintiff's insured") is an individual residing at 20 Rovna Court, Unit 301, Monroe, New York 10950.

4. Plaintiff's insured was, at all times relevant hereto, the insured under a certain Government Employees Insurance Company policy.

5. The claims herein are brought against United States of America.

6. The claims herein arise out of a motor vehicle accident involving the vehicle of Plaintiff's insured and an employee of the United States Government, Department of Justice, Drug Enforcement Administration.

7. The United States Government, Department of Justice, Drug Enforcement Administration is an agency of the United States of America which by and through its agents, servants, workmen, employees and/or other representatives, acted on behalf of Defendant, United States of America, with the full knowledge, consent and authority of Defendant, United States of America.

## JURISDICTION AND VENUE

8. Jurisdiction over the United States of America in this case is founded upon the Federal Tort Claims Act (28 U.S.C. §2671, *et seq*.) and 28 U.S.C. §1346(b)(1).

9. The claims here are brought against the United States of America for money damages as compensation for loss of property on March 23, 2020 that was caused by the negligent and wrongful acts and omissions of employees of the United States of America while acting within the scope of their office of employment, under circumstances where the United States, if a private person, would be liable to the Plaintiff in accordance with the laws of the State of New York.

10. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a)(2) in that all or a substantial part of the acts and omissions forming the basis of these claims occurred in the Southern District of New York.

11. An original SF-95 Claim Form was sent to the United States Department of Justice, Drug Enforcement Administration on February 18, 2021. A true copy of the claim is attached hereto as **Exhibit A**.

12. Plaintiff's claim was formally denied by the United States Department of Justice, Drug Enforcement Administration by letter dated March 25, 2021. A true

copy of the denial is attached hereto as **Exhibit B**.

13. Less than six (6) months has expired since the date of that denial, making institution of this lawsuit timely

## ALLEGATIONS APPLICABLE TO ALL CAUSES OF ACTION

14. At all times relevant hereto, Plaintiff's insured owned a 2009 Lexus ES 350 ("the vehicle of Plaintiff's insured").

15. On or about March 23, 2020, Plaintiff's insured was traveling northbound in the right lane of Palisades Interstate Parkway, at or near milepost 30.9, in Stony Point, New York.

16. At the same aforementioned time and place, William Kiv was operating a Drug Enforcement Administration vehicle northbound in the left lane of Palisades Interstate Parkway.

17. Upon information and belief, at all times relevant hereto, William Kiv was an employee of the Drug Enforcement Administration, an Agency of Defendant United States of America.

18. At the same aforementioned time and place, William Kiv operated said vehicle in such an, including, but not limited to, reckless, careless, willful and wanton and/or negligent manner, so as to fail to maintain control of his vehicle, thereby veering into the lane of Plaintiff's insured and causing a collision with the vehicle of Plaintiff's insured.

19. As a result of Defendant's actions and/or omissions, the vehicle of Plaintiff's insured sustained property damage.

20. As a result of Defendant's actions and/or omissions, Plaintiff paid

Property Damage claims totaling $8,231.37.

## TORTIOUS CONDUCT

21. Plaintiff repeats each and every preceding paragraph of the Complaint as if set forth at length herein.

22. Defendant owed a duty of reasonable care to Plaintiff's insured.

23. Defendant breached said duty by recklessly, carelessly, willfully and wantonly and/or negligently failing to maintain control of his vehicle, thereby striking the vehicle of Plaintiff's insured.

## REMEDY

24. WHEREFORE, the Plaintiff prays for judgment against the Defendant as follows:

A. Money damages in the amount of $8,231.37.

B. Such other relief as the Court might deem just and equitable.

Dated: August 6, 2021

Law Offices of Jan Meyer & Associates, P.C.

/s/Richard L. Elem
Richard L. Elem, Esq.
Attorney for Plaintiff(s)
1029 Teaneck Road, Second Floor
Teaneck, New Jersey 07666
(201) 862-9500
**Maintains a New York Office At:**
424 Madison Avenue, 16th Floor
New York, NY 10017
*Kindly correspond with our NJ office.*
File Number: 0453352890101056